## Appeal of CLARENCE SCHOCK.     Docket No. 111.

A taxpayer reporting on an accrual basis must report items of income at the time they accrue without regard to the time they are paid.

Submitted December 9, 1924; decided January 31, 1925.

*John C. Hauch, Esq.*, for the taxpayer.
*John D. Foley, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

### Before IVINS, KORNER, and MARQUETTE.

This appeal involves individual income taxes for the month ending January 31, 1918, and the fiscal years ending January 31, 1919,

and January 31, 1920. The amount of the deficiency determined by the Commissioner is $7,890.75.

### FINDINGS OF FACT.

1. The taxpayer is the sole proprietor of a retail oil, coal and lumber business. He is likewise one of two partners (each owning a one-half interest) in the Rollman Manufacturing Co., a Pennsylvania limited partnership.

2. Prior to March 1, 1913, the two partners of the Rollman Manufacturing Co. entered into an agreement by the terms of which it was stipulated that neither member of the firm would be permitted to make withdrawals on account of services rendered, unless in the discretion of both members the credit situation of the company was such that withdrawals would not impair the general conduct of the business. The balance sheets of the Rollman Manufacturing Co. disclose annual deficits in all the calendar years from 1913 to 1920, inclusive, ranging in approximate amounts from $12,000 to $20,000.

3. During the taxable periods here under consideration the taxpayer rendered services on a salary basis to the Rollman Manufacturing Co. and likewise during the same period rented certain premises to that company. The items of rent and salary for services so rendered by the taxpayer were posted to and cleared through a so-called "Salary and Rent Account" on the books of the Rollman Manufacturing Co., and were as follows:

SALARY AND RENT ACCOUNT.

Fiscal year ending January 31, 1918_____ $5, 810. 14
Fiscal year ending January 31, 1919_____  6, 081. 09
Fiscal year ending January 31, 1920_____  6, 265. 74

The items so posted to salary and rent account were credited in the ordinary course of bookkeeping on the books of the Rollman Manufacturing Co. to the account of the taxpayer.

4. During the taxable periods in question the taxpayer kept his books of account on an accrual basis and filed income-tax returns on that basis. The items referred to in paragraph 3 above were taken up by him as a debit to Rollman Manufacturing Co. and a credit to his own account but were not reported as income by the taxpayer in his returns for the taxable periods in question.

5. On audit the Commissioner increased taxpayer's income by the items above referred to and determined a deficiency in tax to exist by reason thereof. The taxpayer was notified by registered letter mailed July 21, 1924, of such determination, and appeals therefrom to this Board. Petition was filed September 14, 1924.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

KORNER: The taxpayer contends that the items here in controversy were due and payable only on the occurrence of a contingent future event, viz., a determination by himself and his partner in the Rollman Manufacturing Co., in the exercise of their discretion, that

the credit situation of that company was such that a withdrawal of funds to liquidate this account payable in favor of the taxpayer, would not impair the general credit of the business; that under his agreement with his partner he was merely a contingent creditor of the Rollman Manufacturing Co. and had only a contingent beneficial interest in the items credited to him on that company's books, and that by reason of the contingency of payment to him of these items he can not be deemed to have *received* them, either constructively or otherwise, for purposes of income, notwithstanding that he accounted on the accrual basis and took these items up in his accounts on that basis. His argument is that until he has received payment on this account or until he and his partner have, in their discretion as owners of the Rollman Manufacturing Co., placed subject to his demand funds to meet this account, the taxpayer can not be said to have accrued any taxable income.

We are unable to agree with the taxpayer in this position. Taxpayer laid much emphasis in argument on the proposition that that which is not income can not be rendered income by the mere process of book entries. We are not disposed to differ with him on this point. Bookkeeping entries do not constitute that income which is not income, but a system of accounting having been adopted by a taxpayer, such accounting system will determine *when* and *in what manner* his income shall be taxable.

Section 213 of the Revenue Act of 1918 provides in part as follows:

SEC. 213. That for the purposes of this title * * * the term "gross income"—

(a) Includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid * * * also from rents * * * or gains or profits and income derived from any source whatever. The amount of all such items shall be included in the gross income for the taxable year in which *received* by the taxpayer, *unless, under methods of accounting permitted under subdivision* (b) *of section 212, any such amounts are to be properly accounted for as of a different period.* (Italic ours.)

Section 212(b) of the same act, which is referred to in the above-quoted section, provides, in part, as follows:

SEC. 212(b). The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) *in accordance with the method of accounting regularly employed* in keeping the books of such taxpayer. (Italic ours.)

From the foregoing it is clear that the *receipt* of income is essential to constitute it taxable income only in case the taxpayer so accounts in his system of bookkeeping. It is specifically provided by the act that if the taxpayer accounts on a different method the income shall be reported in accordance with such method and that *receipt* is not then the determining factor. The taxpayer urges that he neither *actually* received this salary nor constructively received it. He admits that the method of accounting regularly employed by him in keeping his books of account was the accrual system. Under such system of accounting *receipt* of income—actual or constructive—is not essential to constitute it income within the statutory definition of income. Under an accrual system of accounting one *accrues* income, he does not *receive* it. Under the receipts and disbursements method, one *receives* income and does not *accrue* it. Both methods of accounting have their advantages as well as their disadvantages

to a taxpayer according to the circumstances of each taxpayer. It is not necessary to go into this—it is well understood. But having adopted a method of accounting and having regularly employed that method in keeping his books, a taxpayer is compelled by law to report income in accordance therewith.

The cases and rulings called to our attention by the taxpayer are not persuasive because not in point here. Those cases and rulings deal with situations wherein determination of the amount of the income item was unliquidated or the liability to the taxpayer therefor was uncertain or contingent. In this appeal such is not the case. The amount of these items is definite and liquidated. The liability of the obligor is fixed and determined and is in nowise in dispute. The only element left to contingencies is the date when payment may be made. That element exists in a major portion of properly accruable items of income—open accounts, demand notes, and a number of similar accruable items occurring in everyday business.

If the taxpayer were accounting on a cash receipts and disbursements basis his position would be well taken and *constructive receipt*, or not, might have an important bearing. But he accounted on the accrual basis. The items in controversy were accruable items and should be so treated. When so treated they constitute gross income under the statute just quoted.